**E-FILED**
Thursday, 02 February, 2012  03:29:24 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DWAIN MCGINNIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 11-2210 |
| ) | |
| **JOHN C. BONEWICZ, P.C.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

In September 2011, Plaintiff Dwain McGinnis filed Plaintiff's Complaint and Demand for Jury Trial (#1) against Defendant John C. Bonewicz, P.C. (hereinafter "Defendant" or "Defendant Bonewicz"). Plaintiff's complaint is based on the Fair Debt Collection Practices Act (hereinafter "FDCPA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In October 2011, Defendant filed a Motion to Compel Arbitration (#8). Defendant's motion relies upon the applicability of a Card Agreement between Plaintiff and Citibank South Dakota, N.A. (#8-4). Additionally, Defendant's motion relies upon the applicability and validity of portions of the Card Agreement pertaining to arbitration. For the reasons discussed below, this Court recommends that Defendant's Motion to Compel Arbitration **(#8)** be **DENIED**.

### I. Background

Plaintiff is a consumer who incurred debt for personal, family, and household purposes on a credit card. (#1, p. 2). Plaintiff's complaint alleges that Defendant is a debt collector. (#1, p. 2). In attempting to collect consumer debt from Plaintiff, Defendant allegedly called Plaintiff and left voice messages in which Defendant failed to disclose that it was a debt collector. (#1, p. 2).

Defendant argues that Plaintiff's complaint is not properly brought before this Court due to the applicability of a Card Agreement, and provisions of that agreement pertaining to arbitration. Defendant provides the additional information that Plaintiff opened the credit account with CitiBank South Dakota, N.A (hereinafter "Citibank"). Plaintiff accumulated consumer debt on this card. (#1, p. 2). Citibank later sold the debt to Cach, LLC. Cach, LLC employed Defendant, a law firm, to aid in the collection of the debt. (#8, p. 5; #8-5).

The Card Agreement contains broad arbitration provisions. The following provisions are most applicable:

> Agreement to Arbitrate: Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

(#8-4, p. 4).

> [W]e, us, and our mean Citibank (South Dakota), N.A., the issuer of your account.

(#8-4, p. 1).

> What Claims are subject to arbitration? All claims relating to your account, prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law . . . .

(#8-4, p. 4)

> Whose Claims are subject to arbitration? Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant or authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.

(#8-4, p. 4)

> What about debt collections? We and anyone whom we assign your debt will not initiate an arbitration proceeding to collect a debt from you unless you assert a Claim against us or our assignee. We and any assignee may seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including in a proceeding to collect a debt. You may seek arbitration on an individual basis of any Claim asserted against you, including in a proceeding to collect a debt.

(#8-4, p. 4).[1]

## II. Standard

Defendant brings this motion pursuant to the Federal Arbitration Act, and asks the Court to enter an order referring this case to mandatory arbitration. Because a motion to compel arbitration is treated as an assertion that the court lacks subject-matter jurisdiction, the court may consider exhibits and affidavits related to the issue of arbitration agreements. *Reineke v. Circuit City Stores, Inc.,* No. 03 C 2136, 2004 WL 442639, at *1 (N.D. Ill. Mar. 8, 2004). The defendant bears the burden of demonstrating that an agreement requires arbitration. *Vasquez v. Cent. States Joint Bd*, 547 F.Supp.2d 833, 868 (N.D. Ill. 2008).

The Federal Arbitration Act provides that any written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. *Federal Arbitration Act*, 9 U.S.C. § 2. In determining the applicability of the Federal Arbitration Act, the Seventh Circuit has held that the statutory language "arising out of" may reach "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited, Inc.*, *v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993).

---

[1] Defendant substantially misquotes this provision of the Card Agreement in its motion to compel arbitration. This carelessness is, of course, highly troublesome to the Court.

In considering a motion to compel arbitration on the basis of an arbitration clause of a contract, a court "may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation . . . . Once it is clear, however, that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law . . . ." *Gore v. Alltel Commc'ns., LLC*, No. 11-2089, 2012 WL 169758, at *3 (7th Cir. Jan. 19, 2012) (citations omitted).

### III. Discussion

Given the standard as set forth above, this Court must first determine whether the parties have a contract that provides for the arbitration of some issues between them. The Court must then determine the scope of the arbitration clause. The Court will discuss each of these issues below.

*1. Whether the Parties Have a Contract that Provides for Arbitration Between Them*

Plaintiff argues that the parties do not have a contract that provides for the arbitration of some issues between them because Defendant is not a party to the Card Agreement, and no language in the Card Agreement indicates that Defendant has the right to compel arbitration. Defendant argues that the Card Agreement is applicable because the existence of the agreement is not in dispute, and the definition of claims covered by the agreement reaches Plaintiff's FDCPA claim.

The Agreement to Arbitrate in the Card Agreement states: "Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us." (#8-4, p. 4). The term "we, us and our" means "Citibank (South Dakota), N.A., the issuer of [the] account." (#8-4, p. 1). This right to elect mandatory,

4

binding arbitration is, by law, also applicable to Citibank's assignee. *See* RESTATEMENT (SECOND) OF CONTRACTS § 317(2) (stating that, as a general rule, a contractual right may be assigned, unless an applicable exception precludes assignment).

This case is very similar to *Fox v. Nationwide Credit, Inc.*, No. 09-cv-7111, 2010 WL 3420172 (N.D. Ill. Aug. 25, 2010). In that case, the plaintiff brought a FDCPA claim against the defendant, a debt collector. The substance of the FDCPA claim, that the defendant had left voice messages that did not identify it as a debt collector, was very similar to Plaintiff's FDCPA claim in this case. The court denied defendant's motion to compel arbitration. The court reasoned that the cardholder agreement plainly specified the express parties to that agreement. *Id*. at *3. The agreement stated: "'We,' 'Us,' 'Our' and similar terms mean GE Money Bank and all of its respective parents, wholly or majority owned subsidiaries, predecessors, successors, assigns, employees, officers and directors."[2] *Id*. The court noted that the defendant debt collector did not fall in to any of those categories. *Id*. The court rejected the defendant debt collector's contention that it was made part of the agreement by way of the "Claims" definition, which broadly defined the disputes subject to arbitration under that agreement. *Id.*

Additionally, the court in *Fox* rejected the defendant debt collector's argument that its motion to compel arbitration should be granted on the basis of equitable estoppel. *Id.* at *6. The court discussed *Tickanen v. Harris & Harris, Ltd*, 461 F.Supp.2d 863 (E.D. Wis. 2006), which held that the contract had been assigned to the defendant in that case, but also noted the applicability of the doctrine of promissory estoppel. *Tickanen*, 461 F.Supp.2d at 871. Defendant Bonewicz also relies substantially on *Tickanen* in its motion to compel arbitration. Equitable estoppel allows a non-signatory to compel arbitration in two distinct circumstances: (1) when the signatory must rely on the terms of the written agreement in asserting its claim against a non-signatory, and (2) when the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the

---

[2]The agreement had identical language to include parties associated with Lowe's Companies, Inc. within the definition of "We, Us, or Our" as well.

contract. *Id*. at 870 (quoting *Hoffman v. Deloitte & Touche, LLP*, 143 F.Supp.2d 995, 1004-05 (N.D. Ill. 2001)). The *Fox* court determined that *Tickanen* was inapposite because the debt-collection agency in *Tickanen* was an assignee of the contract, but the defendant debt collector in *Fox* was not an assignee. *Fox*, at *6. The *Fox* court also determined that neither of the *Hoffman* criteria for application of promissory estoppel were met under the facts of the case before them. *Id*.

Here, Defendant conspicuously does not argue that a valid arbitration agreement exists between Plaintiff and Defendant. Defendant only argues that a valid agreement exists. This Court acknowledges that a valid agreement existed between Plaintiff and Citibank and, by operation of a valid assignment, exists between Plaintiff and Citibank's assignee, Cach, LLC. However, Defendant is not within the definition of a party who may elect arbitration, as that power is expressly limited in the contract in a manner that excludes Defendant. Furthermore, in an affidavit to this Court, John C. Bonewicz states that Cach, LLC "purchased all right, title, and interest" to the loan. (#8-5, p. 1). Defendant Bonewicz never indicates that it is an assignee of the Card Agreement, and its affidavit stating that Cach, LLC has all right, title, and interest to the loan strongly indicates that Defendant Bonewicz is not an assignee.

This Court notes that arbitration is a matter of contract, and that a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Gore v. Alltel Comm., LLC*, No. 11-2089, 2012 WL 169758, at *3 (7th Cir. Jan. 19, 2012). Because arbitration is a matter of contract, this Court agrees with the reasoning of the *Fox* court, that where an arbitration agreement clearly expresses which entities may compel arbitration, other entities may not. *See Fox*, 2010 WL 3420172, at *3.

Therefore, the Court concludes that the arbitration provisions of the Card Agreement are not applicable to this case because Defendant is not a party who may elect arbitration under the Agreement to Arbitrate.

*2. Scope of the Arbitration Clause*

Plaintiff argues that, if the Card Agreement applies, the scope of its language would not compel arbitration of his claim under FDCPA.

The Court notes that the Seventh Circuit has approved the use of broad arbitration clauses, and such provisions are enforceable to matters "arising from" the contract, whether or not they implicate interpretation or performance of the contract per se. *Sweet Dreams Unlimited, Inc.*, *v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993).

Here, the Card Agreement states that "Claims made by *or against anyone connected with us"* are subject to arbitration. (#8-4, p. 4) (emphasis added). As examples, the Card Agreement indicates that claims made against an assignee, employee, agent, or representative may be subject to arbitration. Additionally, the Card Agreement makes clear that its arbitration provisions may apply broadly, to any claim relating to the account, including claims invoking statutory or regulatory provisions. (#8-4, p. 1).

The Court concludes that Plaintiff's FDCPA is a claim that is *subject to* arbitration, because the FDCPA claim "arises from" the Card Agreement within the expansive definition established in precedent. *See*, *e.g.*, *Sweet Dreams Unlimited, Inc.*, 1 F.3d at 642. However, the FDCPA claim is only subject to arbitration at the election of a party who holds the right to compel arbitration under the Card Agreement. In this case, as discussed above, Defendant is not a party that may compel arbitration under the terms of the Agreement to Arbitrate clause.

## IV.  Summary

In conclusion, Defendant does not have the power to compel arbitration under the Card Agreement.  The Court therefore recommends that Defendant's Motion to Compel Arbitration **(#8)** be **DENIED**.

ENTER this 2nd day of February, 2012.

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE